UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. BURM, ) | |
| ) | |
| Plaintiff & Counterclaim Defendant, ) | Case No. 1:15-cv-13038-DLC |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant & Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HARRY P. WEBSTER, ) | |
| ) | |
| Counterclaim Defendant. ) | |

**UNITED STATES' MOTION TO PERMIT TESTIMONY BY PSEUDONYM**

The United States seeks the Court's leave to present the testimony of IRS Revenue Officer Patrick Dillon as to certain background and introductory matters. Patrick Dillon is not Mr. Dillon's real name, but rather is a pseudonym that Mr. Dillon uses, as authorized by statute and IRS policy, to protect himself and his family. Mr. Webster does not oppose this motion.

Congress has authorized IRS employees to use pseudonyms where necessary to protect their personal safety. *See Internal Revenue Service Restructuring and Reform Act of 1998*, Pub. L. 105-206 § 3706, 112 Stat. 685, 778. The Internal Revenue Manual regulates the use of pseudonyms. *See* I.R.M. § 10.5.7.

Courts have recognized that IRS agents may need to use pseudonyms for their personal safety: "Revenue Officers assigned to investigate tax protesters and other potentially dangerous individuals are authorized to use professional pseudonyms to protect themselves and their families from harassment and reprisal." *Dvorak v. Hammond*, No. Civ 3-94-601, 1994 WL 762194, at *2 (D. Minn. Dec. 5, 1994) (citation omitted).

1

Accordingly, courts have repeatedly rejected challenges to IRS Revenue Officers' credibility on the ground that they are using pseudonyms.  *See, e.g., Haber v. United States*, 823 F.3d 746, 755 n.6 (2d Cir. 2016) ("Any reliance Haber places on the Revenue Officer's use of a pseudonym in the challenged summons and her declarations as a reason to impugn her credibility is misplaced."); *Ricks v. Whitney*, 79 F.3d 1154 (tbl.), 1996 WL 115170 (9th Cir. March 14, 1996) (rejecting challenge to declaration filed under pseudonym); *Sanders v. United States*, 53 F.3d 343 (10th Cir. 1995) (rejecting challenge to declaration signed under a pseudonym on ground that the pseudonym was on file in compliance with IRS policy); *United States v. Wanland*, No. 2:13-cv-2343, 2017 WL 4269887, at *9 (E.D. Cal. Sept. 26, 2017) ("Defendant's objection to Mr. Morgan's use of a pseudonym is also not well taken, because IRS agents are frequently permitted to use pseudonyms to avoid potential harassment as long as the agent is a readily identifiable person."); *United States v. Fleming*, No. 3:09-cv-153, 2014 WL 3643517, at *2 (M.D. Fla. July 23, 2014) (rejecting argument that use of a pseudonym violates the civil defendant's right to confrontation on the ground that the Confrontation Clause does not apply to civil cases); *United States v. Baxley*, No. 1:13-cv-38, 2014 WL 2106837, at *3 (N.D. Fla. Mar. 25, 2014); *Springer v. IRS*, No. S-97-0092, 1997 WL 732526, at *5 (E.D. Cal. Sept. 12, 1997) (rejecting challenge to IRS summons signed by IRS officer using a pseudonym:  "This court likewise does not view the practice with any objection in that the declarant is a readily identifiable person who can be subjected to the penalties for perjury."); *United States v. Wirenius*, No. cv 93-6786, 1994 WL 142394, at *5 n.2 (C.D. Cal. Feb. 11, 1994) ("Wirenius objects to the use of the pseudonym but the Court finds no legal basis for attacking the practice.").

And courts have permitted IRS revenue officers to testify under pseudonyms. *See United States v. 911 Mgmt.*, No. 3:10-cv-1367, 2014 WL 28996, at *1 n.1 (D. Or. Jan. 2, 2014) (noting trial testimony of IRS revenue officer who testified under a pseudonym); *see also United States v. Wiley*, No. 2:17-cv-426, 2018 WL 6920118, at *2 (D. Or. Oct. 31, 2018) (observing that IRS revenue officer testified at hearing under a pseudonym).

Mr. Dillon's pseudonym has been properly authorized in accordance with IRS policies and procedures and is on file with his management.

Mr. Dillon has represented that he has no personal knowledge of the circumstances of Tuckerman Steel or Mr. Webster; the United States intends to elicit testimony only as to general background matters, including the nature of payroll taxes and the assessment and collection of trust fund recovery penalties generally. While the United States expects this testimony to provide vital background information necessary to the jury's understanding of the facts of the case, the United States does not expect Mr. Dillon's testimony to be controversial in any respect. The United States therefore respectfully requests that Mr. Dillon be permitted to testify under that name.

Respectfully submitted,

/s/ *Ali Gadelhak*
ALI GADELHAK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 307-0854
Ali.Gadelhak@usdoj.gov

## Certificate of Service

I hereby certify that on October 15, 2021, I served the foregoing document via the CM/ECF system, and via electronic mail to the following individuals:

Joseph Burm
Jwburm7@gmail.com

Harry Webster
Hwebster62@gmail.com

                                           /s/ Ali Gadelhak
                                           ALI GADELHAK
                                           Trial Attorney, Tax Division