UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH W. BURM, | ) | |
| | ) | |
| *Plaintiff & Counterclaim Defendant*, | ) | Case No. 1:15-cv-13038-DLC |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendant & Counterclaim Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY P. WEBSTER, | ) | |
| | ) | |
| *Counterclaim Defendant*. | ) | |

**STIPULATION REGARDING TESTIMONY**

The United States and Harry Webster hereby stipulate, exclusively for purposes of this action, that the following witnesses would testify as described if called to testify and if permitted to testify.[1]  The parties agree that the statements below may be read to the jury as a substitute for live testimony from these witnesses ("substitute testimony"), assuming objections reserved below are overruled.

Except as indicated below, the parties do not object to this substitute testimony.

The United States is entering into this stipulation on the condition that Mr. Webster will not seek to present the live testimony of these witnesses at trial.

---

[1] Mr. Webster has informed the United States that he seeks to subpoena the witnesses listed herein for testimony at trial.  The United States is entering into this stipulation to remediate logistical challenges with the last-minute subpoenaing of these witnesses and to address potential prejudice that could result from the previously undisclosed testimony of these individuals.  The United States cannot address the veracity of the proposed substitute direct testimony, but concedes that it would not attempt to demonstrate that the proposed substitute direct testimony is inaccurate.

## Susan Burm

If called to testify, Susan Burm would state on direct examination:

- Joseph Burm and I started Boston Bridge & Steel, Inc. in 2012 using $500,000 of our own funds.

- I was the sole owner of Boston Bridge & Steel, Inc.

- I had no previous experience in the steel industry.

- Boston Bridge was located in the same office and shop space as Tuckerman Steel Fabricators.

- Boston Bridge employed many of the same employees as Tuckerman.

- Boston Bridge repaid many of Tuckerman's debts.

- Boston Bridge encountered financial difficulties and stopped paying over its payroll taxes.

- Boston Bridge ceased operations.  At the time it ceased operating, Boston Bridge owed payroll taxes to the IRS.

The United States contends that this substitute testimony is inadmissible because it is irrelevant and because its probative value is substantially outweighed by the danger of unfair prejudice and confusion.  The United States intends to argue in support of this position during the trial when the substitute testimony is offered, or earlier, at the direction of the Court.

## Raymond Johnson

Raymond Johnson would testify on direct examination:

- The check shown on page two of Exhibit 23 is a true and correct copy of a bank check given to me by Harry Webster as partial repayment of a debt owed to me by Tuckerman Steel Fabricators, Inc.

## Valerie Baxter-Boyle

Valerie Baxter-Boyle would testify on direct examination:

- In 2009-2011, I was employed by Burke & Associates, an accounting firm.

- During that period, I worked with Deborah Driscoll to prepare the financial records of Tuckerman Steel Fabricators, Inc. so that they could be transmitted to KAF Accountants for preparation of the quarterly financial statements.

- I was involved in the preparation of Tuckerman Steel Fabricators' quarterly IRS Forms 941.  I prepared the Forms 941 in consultation with Ms. Driscoll and Joseph Burm.

- Harry Webster was not involved in the preparation of the Forms 941.

On cross-examination, Ms. Baxter-Boyle would testify:

- Exhibit 15 is a true and correct copy of Tuckerman's IRS Form 941 for the fourth quarter of 2010.

- I prepared Exhibit 15 in consultation with Joseph Burm and Deborah Driscoll.

- To the best of my knowledge, Exhibit 15 properly reflects the payroll tax liability of Tuckerman Steel Fabricators for the fourth quarter of 2010.

- Exhibit 16 is a true and correct copy of Tuckerman's IRS Form 941 for the first quarter of 2011, except that one or more pages are missing.

- I prepared Exhibit 16 in consultation with Joseph Burm and Deborah Driscoll.

- To the best of my knowledge, Exhibit 16 properly reflects the payroll tax liability of Tuckerman Steel Fabricators for the first quarter of 2011.

- Exhibit 17 is a true and correct copy of Tuckerman's IRS Form 941 for the second quarter of 2011.

- I prepared Exhibit 17 in consultation with Joseph Burm and Deborah Driscoll.

- To the best of my knowledge, Exhibit 17 properly reflects the payroll tax liability of Tuckerman Steel Fabricators for the second quarter of 2011.

- Exhibit 18 is a true and correct copy of Tuckerman's IRS Form 941 for the third quarter of 2011.

- I prepared Exhibit 18 in consultation with Joseph Burm and Deborah Driscoll.

- To the best of my knowledge, Exhibit 18 properly reflects the payroll tax liability of Tuckerman Steel Fabricators for the third quarter of 2011.

Stipulated and agreed:

/s/ *Harry Webster* (with permission)
HARRY WEBSTER

/s/ *Ali Gadelhak*
ALI GADELHAK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 307-0854
Ali.Gadelhak@usdoj.gov

## <u>Certificate of Service</u>

I hereby certify that on October 18, 2021, I served the foregoing document via the CM/ECF system, and via electronic mail to the following individuals:

Joseph Burm
Jwburm7@gmail.com

Harry Webster
Hwebster62@gmail.com

/s/ *Ali Gadelhak*
ALI GADELHAK
Trial Attorney, Tax Division

4